IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CREEKSTONE FARMS PREMIUM BEEF,
L.L.C., and THE BANK OF NOVA
SCOTIA,

        Plaintiffs,

vs.

        Case No. 04-1052-JTM

SUITT CONSTRUCTION COMPANY,
INC.,

        Defendant.

MEMORANDUM AND ORDER

This action is before the court on multiple motions. In the original federal action, plaintiffs Creekstone Farms and The Bank of Nova Scotia (BNS) brought claims for damages due to the alleged faulty construction rendered by defendant Suitt Construction Company. Case No. 04-1052-JTM (BNS I). On August 13, 2004, the court granted in part and denied in part the defendant's motion to dismiss. The court directed the parties to resolve the issues by arbitration and stayed the matter pending arbitration. (Dkt. No. 22).

The second federal action, Case No. 05-1083-JTM (BNS II) arose after Creekstone and BNS filed a state action on February 28, 2005 in Cowley County, Kansas District Court. Plaintiffs sought to enjoin the arbitration of the parties' dispute pursuant to K.S.A. 5-402. Suitt removed the action to this court on March 18, 2005, and counterclaimed, requesting that the court enforce its earlier order against the plaintiffs. (Dkt. No. 1).

On November 4, 2005, the court entered an order denying the requested injunction against the arbitration. (Dkt. No. 20). The plaintiffs appealed, and on December 28, 2006 the Tenth Circuit Court of Appeals entered an order which stated that it found the appeal moot in light of the arbitration award, and directed this court to dismiss the action without prejudice. The Court of Appeals added the further directive:

> This judgment shall not prejudice the parties' rights to raise the substance of the arguments presented in this appeal in future proceedings, to the extent the parties otherwise would be permitted to raise these arguments under applicable law. In particular, insofar as otherwise legally permissible, the judgment shall not prejudice the parties' rights to raise in any further proceedings relating to the confirmation of the arbitration award arguments regarding the arbitrability of Suitt's counterclaim.

(Dkt. No. 27-1, at 4). The court explicitly noted that "the October 12, 2006 award of contract damages (and post-award interest) on this counterclaim is currently subject to confirmation by the district court in the first federal action pursuant to § 9 of the F.A.A." (Id. at 3, n. 2). The mandate of the Tenth Circuit decision was filed with this court on January 22, 2007. (Case No. 05-1083-JTM, Dkt. No. 27).

Pursuant to the directive of the Court of Appeals, Case No. 05-1083 will accordingly be dismissed.

As mentioned at the outset, several motions are currently before the court. On February 13, 2007, Suitt moved for an order lifting the stay in the first action, and seeking confirmation of the arbitration award. (Dkt. No. 25). Creekstone and BNS have responded, and moved to vacate the court's order of November 4, 2005 and the arbitration award. (Dkt. No. 28). In addition, defendant Suitt has moved for attorney fees (Dkt. No. 56), and to strike portions of the defendants' reply. (Dkt. No. 58).

The court finds that the circumstances of the case compel the summary affirmation of the arbitration award. These same circumstances, coupled with a respect for elemental principles of the law and essential fairness, mandate denial of the plaintiffs' attempt to continue to litigate the issues herein -- to have what is in essence a third bite at the apple.

As noted earlier, this action began when plaintiffs BNS and Creekstone alleged defective construction by defendant Suitt. Suitt counterclaimed, seeking sums due under the construction contract. At the same time, Suitt filed a motion to dismiss the action, invoking the arbitration clause in the construction contract.

Suitt's memorandum in support of dismissal specifically argued that the arbitration clause was enforceable against BNS and Creekstone even though they were not the original parties to the construction contract. The defendant argued that "non-parties may be bound by an arbitration provision in a variety of ways," and that BNS and Creekstone "cannot selectively embrace the contact and turn their backs on provisions they find distasteful." (Dkt. No. 9 at 6). Suitt did not seek to arbitrate the plaintiffs' claims while litigating its own counterclaim.

The responsive memorandum by BNS and Creekstone made no attempt to assert any of the arguments they currently raise. Instead, they argued that Suitt had waived the right to arbitration, and that even if arbitration was required, it should not affect plaintiffs' tort claims. The plaintiffs acknowledged that Suitt was seeking to dismiss the entire case. The plaintiffs instead urged the court not to dismiss "the action" or "the case," but rather to "stay these proceedings." (Dkt. No. 12 at 2, 9). Plaintiffs requested a stay "while the matter is arbitrated," and did not attempt to segregate out only a portion of the matter for arbitration.

3

In reply, Suitt stated that it would have "no objection should the court prefer to stay this case rather than dismiss it." (Dkt. No. 20 at 7).

The court rejected plaintiffs' waiver argument and their argument that their tort claims were not subject to arbitration. The court also found that the plaintiffs "are contract assignees under the construction contract and do not contest that they are bound by the provisions in that agreement." (Dkt. No. 22, at 3). It further held that the Contract's "arbitration provision warrants a stay of the dispute pending arbitration. (*Id*. at 6). Ultimately, it held that "the parties shall resolve the issues herein via arbitration." (*Id.* at 8).

BNS and Creekstone did not file a motion for reconsideration after the court's order.

Suitt subsequently commenced an abitration proceeding which advanced its claims for sums due under the construction contract. BNS counterclaimed in the arbitration, advancing claims for faulty construction.

However, BNS and Creekstone also commenced a state court action seeking to enjoin the arbitration. *The Bank of Nova Scotia and Creekstone Farms Premium Beef L.L. C. v. Suitt Construction Company, Inc. and American Arbitration Association*, Case No. O5CV-71W (D. Cowley County, Kansas) (BNS II). The action was removed here by Suitt, and denominated as Case No. 05-1083-JTM.

The only relief sought by plaintiffs in BNS II was an order staying the arbitration commenced by Suitt. After removal, Suitt argued that the court should enforce its order in BNS I against the plaintiffs. The court agreed, concluding that "[t]he matter was addressed to this court in its order in the first federal action [which] controls the outcome of the present matter." (Dkt. No. 20 at 3).

4

A panel of three attorneys unanimously decided that BNS had assumed the construction contract, by filing its claims for breach of contract and warranty against Suitt, when it knew that it had to pay the contract balance prior to any recovery. The panel held that BNS was liable for $2,127,250 ($2,377,250 left on the contract, less a $250,000 recovery on BNS's contract claim). The panel also awarded attorneys' fees to Suitt in the amount of $469,171, and awarded expenses to Suitt in the amount of $129,050 plus another $7,000.00.

In the motion to vacate, the plaintiffs advance two new arguments — first, that they were not signatories of the construction contract and thus cannot be bound by the contract's arbitration clause, and, second, that the arbitration clause is not enforceable against them because to do so would be a collateral attack on the bankruptcy sale order through which they acquired an interest in the contract. Neither argument supports altering the court's order requiring arbitration.

First, the court notes that the plaintiffs' new arguments are centered on the order denying their motion for summary judgment in BNS II, and urge the court to vacate its order in that case. But the order in BNS II merely enforced the order in BNS I. Vacating the order in BNS II, which the court does in any event pursuant to the directive of the Court of Appeals holding that that action seeking a stay is moot in light of the arbitration award, does nothing to affect the validity of the court's order in BNS I requiring the stay of "these proceedings" and the arbitration of "the issues herein."

Summary affirmance of the arbitration award is justified under provisions of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, which mandates an order confirming such an award:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon

5

>the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added). Confirmation of the award by the court is required unless the party challenging the award sought to vacate the award under the provisions of the FAA. *Baer v. The Terminix Intern'l Co.*, 975 F.Supp. 1272, 1279 (D.Kan. 1997). Here, the plaintiffs made no attempt to seek such relief under the provisions of §§ 10 or 11. Further, the parties to the construction contract expressly agreed to such judicial confirmation:

> The award of the arbitrator(s) shall be final and binding upon the parties without the right of appeal to the courts. Judgment may be entered upon it in accordance with applicable law by any court having jurisdiction thereof.

(Plf. Exh. 2, at ¶ 10.3.2). Accordingly, the award is entitled to confirmation.

The court finds that the plaintiffs have waived any right to advance the new arguments presented for the first time in their current motion to vacate. The plaintiffs made no attempt to raise such arguments at the time of the court's previous orders in BNS I and BNS II. The plaintiffs made no attempt to obtain reconsideration of any earlier order of this court. An arbitration was ultimately held in which Suitt has incurred expenses in excess of $125,000.00. The plaintiffs themselves doubtlessly incurred a comparable sum. Granting the relief now belatedly sought by plaintiffs would result in a staggering waste of resources. The court's prior determination that the FAA applied to the issues herein is the law of the case. *See Van Horn v. Van Horn*, 393 F.Supp.2d 730, 739-740 (N.D.Iowa 2005) (refusing to permit post-arbitration attack on order submitting the matter to arbitration, holding plaintiff had already had "one good bite at the apple").

Waiver exists because of the failure of the plaintiffs to contemporaneously challenge any of the prior orders of the court. *iMage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1052 (10th Cir. 2006). The plaintiffs argue that they should be permitted to present their new arguments,

professing surprise that the court's earlier order permitted arbitration of Suitt's counterclaim. Such protestations are wholly unconvincing. They would require the court to ignore the plain meaning of the language used by defendant, by the court in its earlier order, and indeed by the plaintiffs themselves.

As noted earlier, in BNS I, Suitt initially sought dismissal of the entire case — including both the plaintiffs' claims and its own counterclaims — on grounds of the arbitration clause. Suitt sought the dismissal of "this action." (Dkt. No. 9, at 12). The plaintiffs uttered no suggestion within their response that they were not bound by the arbitration clause, relying instead on other, unsuccessful arguments (for example, that Suitt had supposedly waived the right to arbitrate). As an alternative to dismissal, the plaintiffs expressly asked the court to stay the entire controversy, urging the court to stay "the action," "the case," and "these proceedings." (Dkt. No. 12, as 2). In neither Suitt's original motion nor in the plaintiffs' response is there any hint that only one issue within the case should be arbitrated.

The court held that the "the arbitration provision warrants a stay of the dispute pending arbitration," and that "the parties shall resolve the issues herein via arbitration." (Dkt. No. 22, at 6, 8). It is unreasonable to interpret the broadly inclusive language used by all parties and by the court in a manner contrary to its ordinary usage as applying to all of the claims present in the case. Plaintiffs never attempted to challenge this understanding.

Indeed, the court finds that plaintiffs' current suggestion is not merely contrary to an ordinary understanding of the language used in these pleadings, it is also unconvincing as a representation of what the plaintiffs themselves contemporaneously understood as to the effect of the court's order. If the plaintiffs actually believed that the court's prior order stayed their contract

claim only, and not Suitt's counterclaim, the counterclaim would have remained alive and been subject to further motions practice and discovery. But the plaintiffs did nothing in this action after the court's order. Their course of action can only be explained by an understanding that the court had in fact stayed all of the case.

Acting on this understanding, the plaintiffs first sought to prevent arbitration by bringing an action for injunctive relief in state court. When this failed, the plaintiffs duly counterclaimed in the arbitration action, advancing their contract claims. At no time prior to the (adverse) arbitration award did the plaintiffs ever seek relief in this court from the order requiring arbitration. The court finds by failing to timely advance the arguments now made by them, the plaintiffs have waived those arguments.

The court notes in addition that, even if it were to a reach a contrary result with respect to the issue of waiver, the issues presented by the plaintiffs are insufficient to justify vacating the arbitration award. First, as noted earlier, since the plaintiffs failed to challenge the award under the provisions of the FAA, 9 U.S.C. § 9 mandates that the court affirm the award. Second, the specific arguments advanced by the plaintiffs are unpersuasive.

The plaintiffs argue that they are not bound by the arbitration agreement since they were not signatories of the contract. But the plaintiffs have actively sought to enforce the provisions of the contract against Suitt, and the court finds that thereby the plaintiffs are bound the terms of the contract (including the arbitration clause) since that action represents an implied assumption of the contract. *See, e.g. Isle of Thye Land Co. v. Whisman*, 279 A.2d 484 (Md.App. 1971). Alternatively, as assignee of the interests of a party signatory to the contract, the plaintiffs are bound to the

contract's arbitration clause. *See Southeastern PA Transp. Auth. v. AWS Remediation, Inc*., No. 03-695, 2003 WL 21994811 (E.D. Pa. Aug. 18, 2003).

The plaintiffs also argue that upholding the arbitration award would be contrary to the bankruptcy Sale Order and the general interests of Section 363 of the Bankruptcy Code. 11 U.S.C. § 363 (f) (2007). As with the first argument advanced by plaintiffs, even if the court were to ignore the untimeliness of the argument, the court would conclude the argument lacks merit. The plaintiffs have failed to show any necessary conflict between general policy permitting the transfer of interests "free and clear" of interests by non-estate entities, provided in § 363(f), and the strong congressional policy supporting arbitration reflected in the FAA. *See Shearson American Express, Inc. v. McMahon*, 482 U.S. 220, 226-227 (1987). The plaintiffs could and did argue to the arbitration panel that the Sale Order was free of the requirement to arbitrate. They lost, and correctly so. The Sale Order in question here expressly included – in its list of "interests" which the property would then be "free and clear" of – the general lien by Suitt, but failed to include the arbitration provision which was a part of the contract. The plaintiffs have failed to present any authority holding that an arbitration clause, which necessarily merely provides the venue for the resolution of disputes rather than curtailing any substantive rights, is necessarily extinguished pursuant to § 363(f).

The plaintiffs oppose the motion for attorney fees on the same grounds that they seek to vacate the arbitration award itself: that they were not signatories to the construction contract and aren't bound by it. The court finds that the arbitration panel was correct. The plaintiffs actively invoked their rights under the construction contract, they failed to dispute in their responsive pleadings (Dkt. No. 12) they were bound by contract, and the court has previously ruled — without any timely objection by plaintiffs — that they "do not contest that they are bound" by the contract.

9

(Dkt. No. 22, at 3). Again, the plaintiffs have been remarkably consistent throughout the lengthy course of their dispute with Suitt. They have consistently stated, suggested, and agreed that they were bound by the contract (including its arbitration and attorney fees provisions). That is, until they lost in arbitration.

Specifically, the plaintiffs invoked the attorney fees provision in the construction contract (§ 10.3.4), arguing before the arbitration panel that the provision justified awarding them attorney fees against Suitt. (Def. Exh. 45, at 8: Exh. 50, at 1202-03). The court finds that BNS and Creekstone are bound by the construction contract due to their previous conduct before the court and the arbitration panel, and in any event by implied assumption and assignment. The arbitration panel correctly concluded that the plaintiffs are obligated to pay Suitt's reasonable attorney fees under §§ 10.3.4 of the contract.

Suitt seeks $52,354.43 in attorney fees in connection with the confirmation of the arbitration award. The plaintiffs argue that the amount is unreasonable, since it addresses the same issues as that presented in earlier proceedings, and because Suitt has already received a recovery for future award of attorney fees from the arbitration panel. The court finds that Suitt is entitled to the requested fees.

First, since the award of attorney fees is made pursuant to a contractual agreement, the goal of the court is to make Suitt whole, not simply to determine a reasonable fee as in the case with an award of fees under statute. *United States ex rel. C.J.C. v. Western States Mech'l Contractors*, 834 F.2d 1533, 1547-48 (10th Cir. 1987). The plaintiffs have failed to show that the fees and expenses itemized in Suitt's motion were not actually expended in connection with seeking confirmation of the arbitration award. Second, the requested fees are in any event reasonable under the factors set

forth in Kansas law. *See* K.R.P.C. 1.5(a). Specifically, the court finds that the requested fees are appropriate in light of the complexity of the issues involved, and the serious and substantial interests at stake. The attorney fees are requested at an hourly rate of $100 per hour, substantially less than the prevailing market rate.

Contrary to the suggestion of the plaintiffs, the issues in the earlier litigation — BNS I and II, the arbitration itself, and the appeal from BNS II — do not involve a simple set of issues, in which Suit has mechanistically repeated the same arguments. Seeking to avoid the effect of the arbitration award, the plaintiffs have actively and vigorously advanced a variety of issues, (Dkt. No. 29), issues which have been presented here for the first time. Counsel for Suitt has reasonably attempted to respond to these arguments in seeking confirmation of the award for its client. Further, the requested fees do not represent any double recovery, since the arbitration panel awarded fees only with respect to that "incurred in this arbitration," (Def. Exh. 51, at ¶ 40).

Finally, the court holds that the interest rate provided in the construction contract applies, rather than the general statutory rate. The construction contract provided that interest on any award should be provided in the amount of the prime rate of interest established from time to time by Wachovia Bank, plus two percent. This rate of interest applies to the arbitration award and the attorney fees and expenses. The rate of interest under the contract is applicable for the same reasons that the arbitration and attorney fees clauses are also binding on the parties.

The court notes that Suitt has separately moved to strike a portion of the plaintiff's reply brief. The court finds that the motion to strike is unjustified and the motion will accordingly be denied.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007 that the defendant's Motion to Lift Stay, Confirm Award, and Enter Judgment (Dkt. No. 25) and Motion for Attorney Fees and Expenses (Dkt. No. 56) are granted.  Plaintiffs' Motion to Vacate (Dkt. No. 28) and defendants's Motion to Strike (Dkt. No. 58) are denied.

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE